# UNITED STATES DISTRICT COURT
Middle District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JORGE FLORES | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 3:18-cr-00293-3<br>USM Number: 25903-075<br><br>Vakessha Hood and Leonard Lucas<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  1, 2, 11, 12, 13, 14, 15, 16, 19, 20, 21, 23, 24, 25, 27, 28, 38, 47, 48, 49, 51, 52, 53, 54 & 55
after a plea of not guilty.  of the Second Superseding Indictment

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Conspiracy to Participate in Racketeering Activity | 10/4/2017 | 1 |
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possession with Intent to Distribute 500 Grams or More of Cocaine and Marijuana | 10/4/2017 | 2 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  22, 26 and 50 as to Def. Flores   ☐ is   ☑ are dismissed on the motion of the United States, though Defendant was
found guilty of these Counts at trial.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/25/2024
Date of Imposition of Judgment

*Eli Richardson* (signature)
Signature of Judge

Eli Richardson, United States District Judge
Name and Title of Judge

June 28, 2024
Date

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering | 1/1/2017 | 11 |
| 18 U.S.C. § 1959(a)(5) | Attempted Murder in Aid of Racketeering | 1/18/2017 | 12 |
| 18 U.S.C. § 924(c) | Use, Carry, Brandish, or Discharge of a Firearm During and in Relation to a Crime of Violence | 1/18/2017 | 13 |
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering | 2/1/2017 | 14 |
| 18 U.S.C. § 1959(a)(5) | Attempted Murder in Aid of Racketeering | 2/18/2017 | 15 |
| 18 U.S.C. § 924(c) | Use, Carry, Brandish, or Discharge of a Firearm During and in Relation to a Crime of Violence | 2/18/2017 | 16 |
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering | 5/21/2017 | 19 |
| 18 U.S.C. § 1959(a)(1) | Murder in Aid of Racketeering | 5/21/2017 | 20 |
| 18 U.S.C. § 924(c) | Use, Carry, Brandish, or Discharge of a Firearm During and in Relation to a Crime of Violence | 5/21/2017 | 21 |
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering | 5/27/2017 | 23 |
| 18 U.S.C. § 1959(a)(1) | Murder in Aid of Racketeering | 5/27/2017 | 24 |
| 18 U.S.C. § 924(c) | Use, Carry, Brandish, or Discharge of a Firearm During and in Relation to a Crime of Violence | 5/27/2017 | 25 |
| 18 U.S.C. § 1959(a)(5) | Attempted Murder in Aid of Racketeering | 5/27/2017 | 27 |
| 18 U.S.C. § 924(c) | Use, Carry, Brandish, or Discharge of a Firearm During and in Relation to a Crime of Violence | 5/27/2017 | 28 |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm | 8/4/2017 | 38 |
| 18 U.S.C. § 1959(a)(5) | Conspiracy to Commit Murder in Aid of Racketeering | 9/1/2017 | 47 |
| 18 U.S.C. § 1959(a)(1) | Murder in Aid of Racketeering | 9/24/2017 | 48 |
| 18 U.S.C. § 924(c) | Use, Carry, Brandish, or Discharge of a Firearm During and in Relation to a Crime of Violence | 9/24/2017 | 49 |
| 18 U.S.C. § 1512(c) | Obstruction of Justice | 9/24/2017 | 51 |
| 18 U.S.C. § 1519 | Destruction of Evidence | 9/24/2017 | 52 |
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Cocaine | 10/4/2017 | 53 |
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon | 10/4/2017 | 54 |
| 18 U.S.C. § 924(c)(1) | Possession of a Firearm in Furtherance of Drug Trafficking Crime | 10/4/2017 | 55 |

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Life plus 65 years - (Please see following page)

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

# ADDITIONAL IMPRISONMENT TERMS

Each of the following counts are to run concurrent to each other:

Count 1 - Life
Count 2 - 10 years
Count 11 - 10 years
Count 12 - 10 years
Count 14 - 10 years
Count 15 - 10 years
Count 19 - 10 years
Count 20 - Life
Count 23 - 10 years
Count 24 - Life
Count 27 - 10 years
Count 38 - 10 years
Count 47 - 10 years
Count 48 - Life
Count 51 - 20 years
Count 52 - 20 years
Count 53 - 10 years
Count 54 - 10 years

The following counts are to run consecutive to each other and consecutive to the concurrent sentences listed above (i.e., consecutive in the order listed such that, e.g., Count 16 runs consecutive to Count 13 and the concurrent sentences listed above, and Count 21 runs consecutive to Count 13, Count 16, and the concurrent sentences listed above):

Count 13 - 10 years
Count 16 - 10 years
Count 21 - 10 years
Count 25 - 10 years
Count 28 - 10 years
Count 49 - 10 years
Count 55 - 5 years

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years as to the following Counts:
Counts 1, 2, 13, 16, 20, 21, 24, 25, 28, 48, 49 and 55

3 years as to the following Counts:
Counts 11, 12, 14, 15, 19, 23, 27, 38, 47, 51, 52, 53 and 54

All counts to run concurrent to each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. You shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines you have the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

2. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

3. You shall promptly advise the United States Probation Office of the name and contact information for any physician who prescribes any controlled substance and agrees to execute a release of information form so that medical records may be obtained from such physician.

4. You shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

5. You shall not be involved with gang activity, possess any gang paraphernalia or associate with any person affiliated with a gang.

6. You shall not contact R.V., H.V., H.S., L.A., or the families of J.F., L.R.L., A.L. and A.G., either in person, or by telephone, mail, or a third party; and the United States Probation Office will verify compliance.

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 2,500.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JORGE FLORES
CASE NUMBER: 3:18-cr-00293-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The property described in the Preliminary Order of Forfeiture at Doc. No. 748, which is now final as to Defendant.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.